AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of California

**FILED**
Jun 14 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ carolinalopez  DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 23-mj-08461-LR
Target Device: One Blue Apple iPhone seized from )
Ismael Lopez-Maldonado )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein by reference.

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252 & 2252A | Possession, Receipt, and Distribution of Images of a Minor in Sexually Explicit Conduct |

The application is based on these facts:
See Attached Affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

JOHN E CESENA  Digitally signed by JOHN E CESENA
Date: 2023.06.14 14:05:52 -07'00'

*Applicant's signature*

Special Agent John Ceseña, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 6/14/23

[Judge's signature]

*Judge's signature*

City and state: El Centro, California     Hon. Lupe Rodriguez, Jr., United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A
# ITEMS TO BE SEARCHED

The property/items to be searched is/are described as follows:

One Blue Apple iPhone **(Target Device)**

The **Target Device** was seized from Ismael Lopez-Maldonado and is currently being held at the Department of Homeland Security, Immigrations and Customs Enforcement, Homeland Security Investigations, located at 2051 North Waterman Avenue, El Centro, California 92243, in the Southern District of California.

## ATTACHMENT B
## ITEMS TO BE SEIZED

Authorization is given to search for and seize evidence that relates to violations of 18 U.S.C. §§ 2252 and 2252A, on the **Target Device**. The search of the **Target Device** be conducted in accordance with the "Procedures For Electronically Stored Information as to Any Cellular Telephone" provided in the affidavit submitted in support of this warrant. The **Target Device** includes any storage devices, such as SIM cards or flash memory devices attached to, inserted in or seized with the device, will be analyzed and the following data will be seized only to the extent that it contains or depicts evidence of violations of 18 U.S.C. §§ 2252 and 2252A, including:

    1. Evidence reflecting use, dominion and control of the device and communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

        a. tending to indicate efforts to distribute, receive, possess or view images of minors engaged in sexually explicit conduct;

        b. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate the presence of images of minors engaged in sexually explicit conduct;

        c. tending to identify co-conspirators, criminal associates, or others involved in the distributing, receiving or possessing of images of minors engaged in sexually explicit conduct;

        d. tending to identify travel to or presence at locations that concern the existence of images of minors engaged in sexually explicit conduct;

        e. tending to identify the user of, or persons with control over or

1   access to, the subject phone; or

2           f.    tending to place in context, identify the creator or recipient of, or establish the time of creation, receipt or modification of communications, records, or data above.

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, John Ceseña, upon being duly sworn do hereby state that the following is true to my knowledge and belief:

**INTRODUCTION**

1. I am a Special Agent (SA) with Homeland Security Investigations (HSI) within the Department of Homeland Security (DHS), having been so employed since August 2020. I am currently assigned to the HSI Assistant Special Agent in Charge (ASAC) Calexico, California Child Exploitation Investigations group. I have attended and successfully completed the Criminal Investigator Training Program (CITP) in February 2021, and the HSI Special Agent Training (HSISAT) located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia in May 2021. I am currently assigned to the Imperial Valley Internet Crimes Against Children (IV-ICAC) Task Force. As a HSI SA assigned to the Child Exploitation Investigations group, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, transportation, distribution, receipt, and/or possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252. I have participated in the service of numerous search warrants involving child exploitation and/or child pornography offenses and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media. As a federal agent, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States. In preparation of this affidavit, I have discussed the facts of this case with other law enforcement agents and officers within HSI and the ICAC task force.

2. This affidavit is made in support of an application for a warrant to search the following items seized pursuant to the probable cause arrest of Ismael LOPEZ-Maldonado (LOPEZ) on April 26, 2023. LOPEZ was arrested for violation of 21 U.S.C. §§ 952 and 960 – Importation of a Controlled Substance. As part of the investigation into LOPEZ, a Blue Apple iPhone (**TARGET DEVICE**) was seized from LOPEZ on the date of his arrest. The **TARGET DEVICE** is currently in possession of the Department of Homeland Security, Homeland Security Investigations, Assistant Special Agent in Charge, located at 2051 N Waterman Ave El Centro, California 92243, in the Southern District of California.

3. This affidavit is made in support of an application by the United States of America for the issuance of a warrant to search the **TARGET DEVICE**, as described more fully in Attachment A. Authorization is being sought to search **TARGET DEVICE** for the items described in Attachment B, which items constitute evidence, fruits, and instrumentalities of violations of Federal laws, namely, 18 U.S.C. §§ 2252 and 2252A. Based on the information below, there is probable cause to believe that fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A will be located on the **TARGET DEVICE**.

4. The conclusions and opinions set forth below are based upon my experience and training as a criminal investigator, my direct participation in this investigation, conversations with other individuals, including law enforcement officers, who are familiar with the facts and circumstances of this investigation and their written reports. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known concerning this investigation but have set forth only the facts that I believe are necessary to establish probable cause. All dates and times are approximate.

# FACTS IN SUPPORT OF PROBABLE CAUSE

5. On April 26, 2023, LOPEZ, a United States citizen applied for entry into the United States via the dedicated commuter lanes (SENTRI) vehicle lanes at the Calexico, California East Port of Entry. United States Customs and Border Protection Officers found methamphetamine concealed in the quarter panels of his 2003 Infiniti G35 bearing California license plate 9BEG795. LOPEZ was arrested and charged with violations of 21 U.S.C. §§ 952 and 960. During the course of this investigation, LOPEZ provided the **TARGET DEVICE's** passcode and written consent to HSI SAs to conduct a forensic download of **TARGET DEVICE**.

6. On April 27, 2023, HSI SAs conducted a download of the **TARGET DEVICE**. On this same date, HSI SAs conducted a review of the download attained from the **TARGET DEVICE** using the Cellebrite program. During the review, HSI SA R. Lopez scanned the images that were downloaded from the **TARGET DEVICE**. HSI SA Lopez discovered an image of minors engaged in sexually explicit conduct on the **TARGET DEVICE.**

7. On June 13, 2023, with LOPEZ's written consent still active, HSI SA Lopez reviewed the download from the **TARGET DEVICE** attained using the Cellebrite program and identified the same image of minors engaged in sexually explicit conduct and presented it to me. I reviewed the image HSI SA Lopez identified. In the identified image, I observed two prepubescent minors, one male and one female, who appeared to be engaged in sexual activity. Specifically, the prepubescent male appeared to be penetrating the prepubescent female from behind. The prepubescent female is bent over at the waist, wearing only a shirt, and is smiling at the camera. The prepubescent male is also completely nude, staring down at the prepubescent female's back and is grabbing the prepubescent

female's hip, as if pulling the prepubescent female's exposed buttocks into the prepubescent male's genital area. This image is identified as Source File:

**_43a0a0da-b494-4216-b35e-ed66a3fe1992.webp_**

and is Child Sexual Abuse Material (CSAM).

8. Based on my training and experience, I believe additional images depicting minors engaged in sexually explicit conduct may be located on the **TARGET DEVICE** even if those images have otherwise been deleted.

9. As a result of my training and experience in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the sexual exploitation of minors:

a. Individuals who are involved in the sexual exploitation of minors may receive sexual gratification, stimulation, and satisfaction from contact with minors; or from fantasies they may have viewing minors engaged in sexual activity or sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity;

b. Individuals involved in the sexual exploitation of minors often use social media sites like Facebook to initiate and continue contact with minors. Such individuals often maintain multiple social media accounts, including the use of false names and identifiers, to entice minors to accept friend requests and begin communications.

c. Individuals who are involved in the sexual exploitation of minors often solicit and collect sexually explicit images and other materials depicting minors, and oftentimes use these materials for their own sexual arousal and gratification. Furthermore, they may use these materials to lower the inhibitions of

4

minors they are attempting to exploit. Many of these communications are done online via email or instant messaging.

      d.    Individuals who are involved in the sexual exploitation of minors often correspond with and/or meet others to share information and materials; are rarely able to completely destroy correspondence from other child pornography distributors/collectors or those engaged in the sexual exploitation of minors; conceal correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in the sexual exploitation of minors.

      10.    Based on the number of visual depictions located so far on the **TARGET DEVICE**, I believe it is possible that the user of the **TARGET DEVICE** may have a sexual interest in children.

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION AS TO ANY CELLULAR TELEPHONE**

      11.    It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the

1  network. Unlike typical computers, many cellular telephones do not have hard
2  drives or hard drive equivalents and store information in volatile memory within
3  the device or in memory cards inserted into the device. Current technology
4  provides some solutions for acquiring some of the data stored in some cellular
5  telephone models using forensic hardware and software. Even if some of the stored
6  information on the device may be acquired forensically, not all of the data subject
7  to seizure may be so acquired. For devices that are not subject to forensic data
8  acquisition or that have potentially relevant data stored that is not subject to such
9  acquisition, the examiner must inspect the device manually and record the process
10 and the results using digital photography. This process is time and labor intensive
11 and may take weeks or longer.

12    12.    Following the issuance of this warrant, law enforcement personnel
13 will collect the subject cellular telephone and subject it to analysis. All forensic
14 analysis of the data contained within the telephone and its memory cards will
15 employ search protocols directed exclusively to the identification and extraction of
16 data within the scope of this warrant.

17    13.    Based on the foregoing, identifying and extracting data subject to
18 seizure pursuant to this warrant may require a range of data analysis techniques,
19 including manual review, and, consequently, may take weeks or months. The
20 personnel conducting the identification and extraction of data will complete the
21 analysis within ninety (90) days, absent further application to this court.

**GENUINE RISK OF DESTRUCTION OF DATA**

23    14.    Based upon my experience and training, and the experience and
24 training of other Agents with whom I have communicated, it is not uncommon for
25 technically sophisticated criminals to use encryption, programs to destroy data that
26 can be triggered remotely or by a pre-programmed event or keystroke and

6

sophisticated techniques to hide data. In this case, the **TARGET DEVICE** is in the possession of law enforcement such that there is minimal risk of destruction of data on the phone.

### PRIOR ATTEMPTS TO OBTAIN DATA

15. Other than as described above and the review of the **TARGET DEVICE** with Cellebrite, there have been no other attempts to obtain data from the **TARGET DEVICE**.

### CONCLUSION

16. Based on the foregoing, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252, and 2252A, as described in Attachment B, are likely to be found in the property to be searched, as described in Attachment A.

JOHN E CESENA
Digitally signed by JOHN E CESENA
Date: 2023.06.14 14:06:36 -07'00'

John Ceseña, Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 14th day of June 2023.

4:02 p.m.

HONORABLE LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
# ITEMS TO BE SEARCHED

The property/items to be searched is/are described as follows:

One Blue Apple iPhone **(Target Device)**

The **Target Device** was seized from Ismael Lopez-Maldonado and is currently being held at the Department of Homeland Security, Immigrations and Customs Enforcement, Homeland Security Investigations, located at 2051 North Waterman Avenue, El Centro, California 92243, in the Southern District of California.

## ATTACHMENT B
## ITEMS TO BE SEIZED

Authorization is given to search for and seize evidence that relates to violations of 18 U.S.C. §§ 2252 and 2252A, on the **Target Device**. The search of the **Target Device** be conducted in accordance with the "Procedures For Electronically Stored Information as to Any Cellular Telephone" provided in the affidavit submitted in support of this warrant. The **Target Device** includes any storage devices, such as SIM cards or flash memory devices attached to, inserted in or seized with the device, will be analyzed and the following data will be seized only to the extent that it contains or depicts evidence of violations of 18 U.S.C. §§ 2252 and 2252A, including:

   1. Evidence reflecting use, dominion and control of the device and communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

      a. tending to indicate efforts to distribute, receive, possess or view images of minors engaged in sexually explicit conduct;

      b. tending to identify other facilities, storage devices, or services– such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate the presence of images of minors engaged in sexually explicit conduct;

      c. tending to identify co-conspirators, criminal associates, or others involved in the distributing, receiving or possessing of images of minors engaged in sexually explicit conduct;

      d. tending to identify travel to or presence at locations that concern the existence of images of minors engaged in sexually explicit conduct;

      e. tending to identify the user of, or persons with control over or

1 | access to, the subject phone; or
2 |       f.    tending to place in context, identify the creator or recipient of,
3 | or establish the time of creation, receipt or modification of communications,
4 | records, or data above.